UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNA ISABEL MONTOYA ORELLANA,<br><br>        Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>        Respondents. | No. 1:26-cv-00365-DJC-SCR<br><br>ORDER |

      Petitioner Reyna Isabel Montoya Orellana filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").  The parties have stated that they do not object to converting the Motion to one for a Preliminary Injunction.  (*See* Opp'n (ECF No. 8), Reply (ECF No. 9).) Therefore, for the reasons explained below, the Court converts the Motion for Temporary Restraining Order to a Motion for a Preliminary Injunction and GRANTS the Motion.

      Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders.  Petitioner, a native and citizen of Nicaragua, fled her country because she was allegedly targeted for her religion as a Jehovah's

Witness. (Pet. ¶ 18.) She entered the United States on or around July 24, 2022. (Ex. B (ECF No. 2-3) at 1.) On October 1, 2024, Petitioner was served with a Notice to Appear for removal proceedings. (Pet. ¶ 19; *see* Ex. B.) Although she was apprehended near the border, she was not processed for expedited removal under 8 U.S.C. § 1225.[1] (*Id.*) On May 2, 2025, Petitioner filed for asylum, withholding of removal, and protection under the Convention Against Torture before an immigration judge. (*Id.* ¶ 20.) On October 28, 2025, she was detained by ICE at her ICE check-in. (*Id.* ¶ 21.) Petitioner alleges that "ICE abruptly revoked the conditions of her supervised release and re-arrested her – without notice, without a hearing, and without any determination by a neutral decision-maker that a material change in circumstances rendered her a flight risk or danger to the community." (*Id.* ¶ 1.) Petitioner does not have a criminal history. (Ex. C at 2.) Petitioner remains detained at the California City Detention Center and is suffering from prison-like conditions, including frigid temperatures, lack of attention to her medical needs, and physical pain. (*Id.* ¶ 21.) In its Opposition, the Government contends that Petitioner does not have a liberty interest under the Due Process Clause because she is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. ¶ 1225(b)(2) and thus ineligible for a bond hearing. (Opp'n at 1–2.)

The Court's prior orders are dispositive on the issues raised in the Petition and Motion. *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025). For the reasons stated in those

---

[1] Exhibit B's Notice to Appear states that Petitioner entered the United States at Hidalgo, Texas, in July 2022, however, the Notice to Appear was not issued until 2024. (*See generally* Ex. B.) On the other hand, the Government's I-213 Form (Record of Deportable Alien) indicates Petitioner "was processed for a Notice to Appear" in 2022 and was released on her own recognizance. (Ex. C (ECF No. 2-3) at 3.)

cases, Petitioner has established that she has a likelihood of success on the merits. Petitioner has a clear liberty interest in her continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Court's prior orders, the Court finds that Petitioner has a substantial private interest in maintaining her out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor. *See Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

The Court last considers whether a bond is necessary. "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). Because the "the [Government] cannot

reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations," *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983), the Court finds that no security is required here.

Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is converted to Motion for a Preliminary Injunction and hereby GRANTED.
2. Respondents are ordered to immediately release Petitioner Reyna Isabel Montoya Orellana from their custody. Respondents shall not impose any additional restrictions on her, unless that is determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating her arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.
4. This Order shall remain in effect until the resolution of this action or until otherwise ordered by the Court.
5. The matter is referred to the assigned Magistrate Judge for all future proceedings.

IT IS SO ORDERED.

Dated:   **January 22, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

4