UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNA ISABEL MONTOYA ORELLANA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-00365 DJC SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner was, at the time this case was filed, a federal immigration detainee proceeding through counsel with a habeas corpus action pursuant to 28 U.S.C. § 2241 raising a Fifth Amendment due process challenge to her re-detention without a pre-deprivation hearing and continued detention by Immigration and Customs Enforcement ("ICE"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

The assigned District Judge ordered, by way of preliminary injunctive relief, Petitioner's release and that Petitioner not be re-detained by immigration officials absent certain constitutional protections. ECF No. 11. More recently, on July 15, 2026, the undersigned directed the Parties to "submit any additional briefs on the merits, or any stipulation as to how this petition should be resolved, within 14 days from the date of this order. Following expiration of the deadline set herein, the § 2241 petition will be deemed submitted on the papers pursuant to Local Rule

230(l)." ECF No. 14. Neither Party responded to that order.

## II. Analysis

For the reasons indicated in the Court's order granting a preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that Petitioner's § 2241 petition be granted based on the violation of Petitioner's Fifth Amendment right to due process. See Lopez v. Lyons, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); Singh v. Andrews, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); Souza v. Robbins, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the Fifth Amendment procedural due process claim only (Count One).

2. The Court deny the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

3. The preliminary injunctive relief previously granted be made permanent.

4. All pending motions, if any, be denied as moot.

5. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE